UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIMOTHY DEAN PARKS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:07-cv-805-LJM-DML |
| ) | |
| STATE OF INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Dismiss of Liberty
Behavioral Health Corporation and Liberty Health Defendants**

As used in this Entry, "PCF" refers to the Plainfield Correctional Facility, an Indiana prison, "DOC" refers to the Indiana Department of Correction, "Parks" refers to the plaintiff, Timothy Parks, "Liberty Health" and "LBH" refers to Liberty Behavioral Health Corporation, "Liberty Health defendants" refers to Kyle Shore, Melissa Gharst, Brian Whitney, and Andrea Hern.

Having considered the operative pleading filed by Parks, his first amended complaint, and having also considered the motion to dismiss of LBH and the Liberty Health defendants, the court finds that the unopposed motion to dismiss must be **granted.** This conclusion is based on the following facts and circumstances:

1. We litigate in the federal courts today in the realm of "notice pleading," a phrase derivative of the requirement that a complaint contain "(1) . . . the grounds upon which the court's jurisdiction depends, . . . (2) a short plain statement of the claim showing that the pleader is entitled to relief . . . and (3) a demand for judgment." Fed.R.Civ.P. 8(a). In addition, Rule 8(e) requires that "each averment of a pleading . . . be simple, concise, and direct." Fed.R.Civ.P. 8(e). Nonetheless, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes dismissal of complaints that state no actionable claim.

    a. Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

    b. In addition, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)).

2.   According to Parks:

- Liberty Health is the corporate entity contracted to the DOC and Indiana's parole services to provide the SOMM Sex Offender Treatment Program to all sex offenders in prison and on parole, which established and enforces the criteria for the program. The SOMM program requires offenders to admit their sex crimes for which they have been convicted. Liberty Health directly influences the establishment of unconstitutional, unreasonable, and over burdensome rules for sex offenders in prison and when released on parole. Liberty Health releases false claims about the recidivism rates of sex offenders.

- LBH defendant Andrea Hern is the SOMM Program Director for Liberty Health. The remaining LBH Defendants are: Brian Whitney is the SOMM Director for the prison programs, Kyle Shore is the SOMM Director at the PCF, and Melissa Gharst is the SOMM Phase III Coordinator.

- Parks claims he was wrongly classified as a sex offender by DOC personnel. Parks does not contend that LBH or any of its employees played any role in his classification as a sex offender.

- Executive Order 06-30, establishing disciplinary sanctions for sex offenders who refuse to participate in the SOMM program, is "unconstitutionally overbroad."

- Parks contends that, while incarcerated at the PCF in 2007, facility staff deprived him access to certain books and periodicals that he wished to receive. The publications which he claims were denied him consist of "Wizard" magazine and "Bud Plant Catalog." Whatever policies may have existed at the PCF are no longer in force as of July 1, 2007. LBH played a role in adopting the "policies" which Parks claims once impeded his access to "Wizard" and "Bud Plant Catalog." He identifies no specific act by LBH or by any LBH employee in drafting or creating these policies.

- Parks was wrongfully required to surrender his hardback books upon arrival at the PCF in 2006. He contends that the "policies" that once governed access to reading material at Plainfield "served no valid purpose" and were arbitrarily applied to him in violation of the First Amendment. Parks further contends that, having been classified as a sex offender, he falls into the protected category of "mentally disabled persons" covered by the First and Fourteenth Amendments.

3.   Parks' claims are asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978). Without personal liability, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is

that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

      4.      "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). That is an elusive quest in relation to LBH and the Liberty Health defendants.

      5.      An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[ ], privilege[ ], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983. Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

      a.      The SOMM is constitutionally unexceptionable. *McKune v. Lile,* 536 U.S. 24, 49 (2002) (finding that, in a case where an inmate refused to participate in a sexual abuse treatment program, certain changes in living conditions, such as restrictions in visitation privileges, reduction in wages from prison employment, and a transference from a medium security to maximum security facility program, were not "serious enough" to constitute unconstitutional compulsion). There is no question, moreover, that the SOMM bears a "reasonable relation to the purpose" for which inmates required to participate in it (sex offenders) have been imprisoned. *Selig v. Young,* 531 U.S. 250, 265 (2001)(citing cases).

      b.      Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and by taking reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). To prevail on an Eighth Amendment claim based on inadequate conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted). No conditions of Parks' confinement at the PCF suggest that the Eighth Amendment line was crossed based on any decision, policy or action by Liberty Health or the LH defendants.

      c.      Parks also complains of having been misclassified as a sex offender, but he specifically attributes this to DOC personnel. LBH and the LH defendants cannot be held liable for this, for the denial of books, or for other treatment incidental to Parks' confinement at the PCF. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009); *West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997). Similarly, Parks' misidentification of defendants William Elliott and Harry Miller as having been employed by LBH does not supply a viable basis for finding LBH liable for the

actions of these DOC defendants.

6. Because the foregoing shows that Parks' amended complaint does not assert a claim with facial plausibility against either LBH or the LH defendants, the motion to dismiss of these defendants is **granted.**

7. The ruling in this Entry does not resolve all claims against all parties. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date:  01/21/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David A. Arthur
INDIANA STATE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Betsy M. Isenberg
INDIANA STATE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Bradley L. Williams
ICE MILLER LLP
williamb@icemiller.com

Seth M. Thomas
Ice Miller Llp
seth.thomas@icemiller.com

Timothy Parks
1621 East 32nd Street
Anderson, IN 46013