UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIMOTHY DEAN PARKS, )<br>)<br>　　　　Plaintiff, )<br>　　vs. )<br>)<br>STATE OF INDIANA, et al., )<br>)<br>　　　　Defendants. ) | No. 1:07-cv-805-LJM-DML |

### Entry Dismissing Insufficient Claims
### and Directing Further Proceedings

　　Timothy Parks ("Parks") alleges that the defendants violated his constitutional rights. He asserts that while he was incarcerated at the Plainfield Correctional Facility serving sentences imposed following his convictions for attempted sexual misconduct with a minor and attempted child molesting certain defendants miscalculated Parks' consecutive sentences and refused to correct that calculation before the date of his release and that he was denied protected expressive materials, personal property, and meaningful access to the court and due process of law. He seeks a declaratory judgment, injunctive relief, and money damages. Parks' action is brought pursuant to 42 U.S.C. § 1983. Claims against certain defendants were dismissed in the Entry of January 22, 2010.

　　Whereupon the court, having considered Parks' amended complaint, having reviewed the prior rulings, having conducted the screening of the amended complaint required by 28 U.S.C. § 1915A(b), and having also determined what further proceedings should occur, makes the following rulings for the reasons indicated:

　　1.　　It has previously been noted that there were no claims asserted against certain defendants. These defendants were thus removed from the caption and the docket amended accordingly. For the purpose of clarity, claims against these former defendants–the State of Indiana, Governor Mitchell E. Daniels, Jr., former Attorney General Stephen Carter, Indiana Parole Services (which is not a separate entity in any event, but a section of the Department of Correction, and the plaintiff might mean the Indiana Parole Board), James Cahill, Christopher Meloy, Valerie Parker, Thor Miller, Raymond W. Rizzo, Randall Gentry, William R. Harris, Melissa Gharst, Harry Miller and William Elliott–**were and are dismissed** as legally insufficient. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). For this precise reason the claim against Indiana Attorney General Greg Zoeller is also **dismissed.**

2. Because Parks was a prisoner as defined by 42 U.S.C. § 1915(h) at the time this action was filed, his amended complaint must be screened as required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *Id.* Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

   a. Legally insufficient claims include those which fail to state a claim upon which relief can be granted, and such claims are those which lack facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

   b. In addition, although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994).

3. Parks' claims are asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978).

4. Applying the foregoing standards, certain additional claims must be dismissed.

   a. The Indiana Department of Correction ("DOC") is not a person subject to suit under 42 U.S.C. § 1983, *Billman v. Department of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995), and cannot be sued in federal court because of Indiana's Eleventh Amendment immunity. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003). Any claim against the DOC is **dismissed**,

   b. Claims against defendants Sevier, Burris, Hartzell, Sgt. Cork, Burris, Knight, and Dixon are **dismissed** because of the lack of personal responsibility for the alleged violation of Parks' federally secured rights. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Without personal liability, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

   c. Parks alleges that his involuntary participation in the Indiana Sex Offender Management and Monitoring Treatment Program ("SOMM") violated his federally

secured rights. However, the SOMM is constitutionally unexceptionable. *McKune v. Lile,* 536 U.S. 24, 49 (2002) (finding that, in a case where an inmate refused to participate in a sexual abuse treatment program, certain changes in living conditions, such as restrictions in visitation privileges, reduction in wages from prison employment, and a transference from a medium security to maximum security facility program, were not "serious enough" to constitute unconstitutional compulsion). There is no question, moreover, that the SOMM bears a "reasonable relation to the purpose" for which inmates required to participate in it (sex offenders) have been imprisoned. *Selig v. Young,* 531 U.S. 250, 265 (2001)(citing cases). Because of this, and because no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983), the claims against defendants Donahue, Pavese, and Nally are **dismissed**.

d.   Any claim against defendant Wynn, who is alleged to have improperly classified Parks as a sex offender, is **dismissed** because the programming that classification required did not violate Parks' rights and because Parks had no separate interest in being classified (or not classified) in any particular fashion. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998)("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)).

e.   Any claim for injunctive relief made by Parks in this case is now moot. *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same). A court lacks jurisdiction over a claim which is moot. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). Any claim for injunctive relief is therefore **dismissed**.

f.   Any claim for wrongful imprisonment by Parks is **dismissed** for lack of jurisdiction based on the rule established in *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364 (1994). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) *(per curiam)* (citing *Preiser v. Rodriguez,* 411 U.S. 475 (1973)). A claim for damages based on conduct which is alleged to have caused or to have unlawfully extended a prisoner's confinement is not actionable unless that alleged error has been set aside by appeal, collateral review, or pardon. *Gilbert v. Cook,* 512 F.3d 899, 900 (7th Cir. 2007).

g.   Parks' claim that he was wrongfully denied of personal property is **dismissed**. The unauthorized intentional taking of a prisoner's property does not violate due process so long as there are meaningful post-deprivation remedies for the loss. *See Hudson v. Palmer,* 486 U.S. 517, 533 (1984); *Wynn v. Southward,* 251 F.3d 588, 592-93 (7th Cir. 2001). Under the circumstances he has described, Parks had an adequate post-deprivation remedy because he could have sued in state court, IND. CODE § 35-43-4-3; *Lee Tool & Mould, Ltd. v. Ft. Wayne Pools, Inc.,* 791

F.2d 605, 608-09 (7th Cir. 1986) (defining elements of conversion under Indiana law), and also could have sought, and in fact did seek, relief pursuant to the Indiana Tort Claims Act. *See* IND. CODE § 34-13-3-1, *et seq.*

h.      Parks' claim that he was denied meaningful access to the courts is **dismissed** because an inmate will not have a valid claim of this nature unless the prison authorities' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement, Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir. 2009), and no such allegation has been presented here.

5.      No partial final judgment shall issue at this time as to the claims resolved in this Entry. The motion to dismiss filed by certain defendants in July 2009 (dkt 58) is **granted**.

6.      The rulings in paragraph 4, together with earlier rulings in this case, resolve all claims against defendants other than Niewald, Nelson and Thompson. It is possible, but not certain, that one or more claims against these three defendants can and should proceed. Before that determination is made or that step is taken, however, it is appropriate that Parks file a "Revised Statement of Remaining Claims." He shall have **through February 26, 2010,** in which to do so. In the "Revised Statement of Remaining Claims" Parks shall restate with clarity the claim(s) asserted against defendants Niewald, Nelson and Thompson. Any such claim, in order to proceed in this case, must meet the standard of Rule 8(a) and must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**IT IS SO ORDERED.**

Date:   01/26/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David A. Arthur
INDIANA STATE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Betsy M. Isenberg
INDIANA STATE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Bradley L. Williams
ICE MILLER LLP
williamb@icemiller.com

Seth M. Thomas
Ice Miller Llp
seth.thomas@icemiller.com

Timothy Parks
1621 East 32nd Street
Anderson, IN 46013